JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise Schulman
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AARON PRY,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**AUTO-CHLOR SYSTEM OF NEW YORK CITY INC.,**<br><br>　　　　　　**Defendant.** | Case No.: 24 CV 8057 (DLC)<br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　　Aaron Pry ("Plaintiff") alleges as follows:

**JURISDICTION AND VENUE**

　　　　1.　　Plaintiff Aaron Pry brings this action against Auto-Chlor System of New York City Inc. alleging claims of disability discrimination, failure to provide a reasonable accommodation, failure to engage in the interactive process, and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §§ 290 *et seq.*, and/or New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.*

　　　　2.　　This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the ADA. This Court has supplemental jurisdiction over the New York claims as they are so related to the claims in this action within the Court's original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. This Court also has diversity jurisdiction over the New York claims under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.

4. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

5. Defendant Auto-Chlor System of New York City, Inc. ("Auto-Chlor" or "Defendant") is a California corporation that identifies its principal executive office as 450 Ferguson Drive, Mountain View, California. Auto-Chlor's principal place of business is in Mountain View California or Carlstadt, New Jersey.

6. Aaron Pry ("Plaintiff") was employed by Defendant as service and sales representative from approximately March 27, 2023 to April 26, 2023. Plaintiff is a citizen of New York state.

## FACTS

7. Plaintiff has a condition called hypersomnia that makes him extremely tired and can cause him to fall asleep at inappropriate times. For example, it has caused him to fall asleep standing up.

8. Plaintiff manages his hypersomnia effectively with medication. However, the effects of the medication wear off by 7 or 8 pm, and in order to sleep overnight he cannot take another dose at that time.

9.      Because of this, Plaintiff's doctor has advised that he should not work more than 10 hours a day, and he should leave work by 6 pm in order to get home safely, as it would be dangerous for him to drive when his medication is not active.

10.     In March 2023, Defendant hired Plaintiff as a service and sales representative in its Bronx, New York branch.

11.     Auto-Chlor manufactures, leases, and services dishwashing machines.

12.     Plaintiff's main responsibility as a sales and service representative was to repair customers' equipment at the customers' locations.

13.     When he was hired, Plaintiff was told that his regular hours were 7:30 am to 4:30 pm Monday to Friday. Auto-Chlor also rotated employees through being on call.

14.     However, almost immediately after he started working for Auto-Chlor, Plaintiff discovered that his regular shifts routinely lasted until far later than 4:30 pm. Sometimes he had to work until 9 pm.

15.     A coworker also told Plaintiff that the on-call shifts could last until 2 am.

16.     Because of this, after a week or two on the job, Plaintiff told his supervisor, Jesus Diaz, about his medical condition and the fact that it was unsafe for him to work so late.

17.     Diaz was very upset when Plaintiff told him this. Diaz said that Plaintiff knew what he signed up for when he accepted the job, and those were the hours of the job.

18.     About a week later, Plaintiff told Diaz that he needed to formally request as an accommodation that he stop working at 6 pm.

19.     Diaz gave Plaintiff a form for Plaintiff's doctor to fill out. Diaz told Plaintiff that depending on the request, it could be sent to human resources, and human resources would make the decision.

20. Plaintiff received the completed form from his doctor on or around April 20, 2023. On the form, the doctor wrote, "Please permit patient to work maximum of 10 hours per shift; and not past 6 pm."

21. Plaintiff gave Diaz the completed form. Diaz said he would send it to human resources, and that he could not make any promises.

22. On or around April 26, 2023, Diaz sent Plaintiff a message while he was in the field working telling him to come back to the Bronx office at the end of his shift.

23. When Plaintiff got to the office, Diaz told him that Plaintiff's employment was terminated because Auto-Chlor could not accommodate his disability.

24. Upon information and belief, Auto-Chlor terminated Plaintiff's employment because of his disability and/or in retaliation for requesting an accommodation for his disability.

25. No one from Auto-Chlor ever engaged in an interactive process or cooperative dialogue with Plaintiff about his accommodation request. To be sure, after Plaintiff submitted his accommodation request, no one from Auto-Chlor communicated with Plaintiff about it until Diaz told him that his request was rejected and he was fired, and Auto-Chlor never proposed any alternative accommodations to Plaintiff.

26. Defendant could have reasonably accommodated Plaintiff's disability by modifying his schedule and, upon information and belief, has accommodated other employees' scheduling needs that were not disability-related. For example, upon information and belief Defendant accommodated another sales and service representative's religious practice by not scheduling him for on-call shifts on Sundays.

27. As a result of Defendant's actions described above, Plaintiff suffered economic loss and emotional distress.

## FIRST CAUSE OF ACTION
### ADA, 42 U.S.C. §§ 11201 *et seq*.
### Discrimination/Failure to Accommodate

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29. Defendant intentionally and willfully discriminated against Plaintiff on the basis of his disability, failed to provide a reasonable accommodation, and failed to engage in the interactive process.

30. Plaintiff filed a charge of disability discrimination with the EEOC in or around June 2023 alleging the same facts described herein. On August 26, 2024 the EEOC issued Plaintiff a right to sue, which is attached hereto as Exhibit 1.

31. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered monetary damages, including but not limited to loss of income.

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial non-monetary damages, including but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

33. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress; punitive damages, attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## NYSHRL, N.Y. Exec. L. § 296
### Discrimination/Failure to Accommodate

34. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

35. Defendant intentionally and willfully discriminated against Plaintiff on the basis of his disability, failed to provide a reasonable accommodation, and failed to engage in the interactive process.

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered monetary damages, including but not limited to loss of income.

37. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial non-monetary damages, including but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

38. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress; punitive damages, attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
## NYCHRL, N.Y.C. Admin. Code § 8-107
### Discrimination/Failure to Accommodate/Failure to Engage in Cooperative Dialogue

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. Defendant intentionally and willfully discriminated against Plaintiff on the basis of his disability, failed to provide a reasonable accommodation, and failed to engage in a cooperative dialogue regarding Plaintiff's request for a reasonable accommodation.

41. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered monetary damages, including but not limited to loss of income.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial non-monetary damages, including but not limited to emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

43. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress; punitive damages, attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**NYCHRL, N.Y.C. Admin. Code § 8-107**
**Retaliation**

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendant intentionally and willfully retaliated against Plaintiff for requesting a reasonable accommodation.

46. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered monetary damages, including but not limited to loss of income.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial non-monetary damages, including but not limited to emotional distress,

physical pain and suffering, damage to Plaintiff's good name and reputation, lasting embarrassment, and humiliation.

48. As a result of Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to lost wages and damages for emotional distress; punitive damages, attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. An award of damages, according to proof, including, back pay, compensatory damages, emotional distress damages, and punitive damages, to be paid by Defendant;

B. Penalties available under applicable laws;

C. Pre-judgment and post-judgment interest;

D. Reasonable attorneys' fees and costs of the action; and

E. Such other relief as this Court shall deem just and proper.

Dated: New York, New York  Respectfully submitted,
December 10, 2024  JOSEPH & KIRSCHENBAUM LLP

By: /s/ *Denise A. Schulman*
D. Maimon Kirschenbaum
Denise A. Schulman
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.